1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   ZANE HUBBARD,                      )   Case No.: 1:19-cv-01379-JLT
                                        )
12             Petitioner,              )   ORDER DIRECTING CLERK OF COURT TO
                                        )   ASSIGN DISTRICT JUDGE
13        v.                            )
                                        )   FINDINGS AND RECOMMENDATION TO
14   CONNIE GIPSON,                     )   DISMISS PETITION FOR WRIT OF HABEAS
                                        )   CORPUS
15             Respondent.              )
                                        )   [TWENTY-ONE DAY OBJECTION DEADLINE]
16                                      )
                                        )
17   _____

18        On July 15, 2019, Petitioner filed this writ of habeas corpus in the District of Columbia. (Doc.

19   1.) The District of Columbia transferred the petition to the Northern District of California on July 24,

20   2019. (Doc. 3.) The Northern District of California then transferred the petition to this Court on

21   October 1, 2019. (Doc. 11.) For the following reasons, the Court will recommend the petition be

22   DISMISSED.

23                                **DISCUSSION**

24   A.    Preliminary Review of Petition

25        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

26   of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears

27   from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254

28   Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus

                                          1

1  should not be dismissed without leave to amend unless it appears that no tenable claim for relief can

2  be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

3  B.      Successive Petition

4          A federal court must dismiss a second or successive petition that raises the same grounds as a

5  prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition

6  raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive,

7  constitutional right or 2) the factual basis of the claim was not previously discoverable through due

8  diligence, and these new facts establish by clear and convincing evidence that but for the constitutional

9  error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28

10  U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or

11  successive petition meets these requirements.

12          Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this

13  section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

14  order authorizing the district court to consider the application." In other words, Petitioner must obtain

15  leave from the Ninth Circuit before he can file a second or successive petition in district court. See

16  Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive

17  petition unless the Court of Appeals has given Petitioner leave to file the petition because a district

18  court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549

19  U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

20          As noted by the Northern District of California in its order of transfer, this petition would have

21  to be dismissed as a second or successive petition that has not been authorized by the Court of Appeals

22  because a prior federal habeas petition directed to the same convictions was denied on the merits.

23  (Doc. 11 at 1); see Hubbard v. Gipson, 1:13-cv-01758-LJO-JLT.

24          The Court finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b).

25  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his

26  successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed

27  application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at

28  157.

2

C.      Civil Rights Claims

It appears that Petitioner is also making complaints concerning the conditions of confinement. A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Petitioner's civil rights claims are not cognizable in a federal habeas action and must be dismissed. Petitioner must seek relief for his complaints by way of a civil rights action.

In Nettles, the Ninth Circuit held that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983. Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016). However, recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. Id. Here, the Court does not find recharacterization to be appropriate. Petitioner does not name the proper defendants and the claims are not amenable to conversion on their face. Accordingly, the Court should not exercise its discretion to recharacterize the action.

**ORDER**

Accordingly, the Court DIRECTS the Clerk of Court to assign a district judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **October 26, 2019**                   **/s/ Jennifer L. Thurston**
                                                           UNITED STATES MAGISTRATE JUDGE